[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Leonard Buck appeals from his conviction, following a jury trial, for robbery in violation of R.C. 2911.02(A)(2). In his sole assignment of error, Buck attacks the sufficiency and the weight of the evidence to support the conviction.
To reverse on a claim of insufficient evidence, this court must conclude, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v.Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546; State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. To reverse on the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, if in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. Statev. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720.
After reviewing the record, we hold that there was sufficient evidence to support Buck's conviction for robbery. The victim, Brenda Jackson, testified that Buck grabbed her after she made a $300 withdrawal from an ATM machine in the early morning of December 9, 2000. She broke free temporarily, but Buck eventually grabbed her again and bit down hard on her hand. He held his bite while she struggled. In desperation, Jackson threw a twenty-dollar bill at him, and he let go of her. The night watchman at Jackson's apartment building witnessed the struggle and called the police. Buck was apprehended shortly afterwards with a crumpled-up, twenty-dollar bill in his pocket. Jackson was taken to the hospital for treatment of her hand.
While Buck gave a different version of the events, several eyewitnesses and the arresting officer corroborated Jackson's testimony. At trial, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
Accordingly, the assignment of error is overruled, and the judgment of the trial court is affirmed. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.